UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WALLACE WILKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Case No. 1:16-cv-00722-TWP-TAB |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

This matter is before the Court for screening of a Petition for Writ of Habeas Corpus filed by Petitioner Wallace Wilkins on March 31, 2016. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the reasons stated below, this is an appropriate case for summary dismissal because the petition of Wallace Wilkins shows on its face that he is not entitled to the relief he seeks.

Wilkins is a state prisoner. In a proceeding he identifies as No. 15-11-0080, Wilkins was charged with violating prison rules by being in possession of intoxicants. He specifies that he was charged with making/possession of intoxicants--"hooch," which one reported decision finds to be "the name given to homemade alcohol, which usually is made from the juice that prisoners receive with their breakfasts." *Johnson v. Harmon*, No. 5:03CV00468JLH/JTR, 2005 WL 1772752, at *2 (E.D.Ark. July 1, 2005). In a proceeding conducted in December 2015, Wilkins was found guilty of this charge. The sanctions imposed included the loss of a period of earned good time.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974).

The single basis for Wilkins' petition for writ of habeas corpus is that his right to due process was violated in No. 15-11-0080 when prison authorities refused to arrange for forensic testing of the substance he was charged with possessing and thereby prevented him from obtaining the presence of an expert tester and subjecting that person to cross-examination.

Although the limited due process protections already noted are implicated when a prisoner faces the loss of earned good time because of misconduct, the measures Wilkins believes would have enhanced his defense are not among those protections. *See Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use); *Freitas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings). Even in a criminal trial, forensic testing is not necessary

to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient. *United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004).

Just as Wilkins' limited right to due process in the setting described here did not entitle him to create evidence arguably pertinent to the charge he was facing, so that limited right to due process also would not have entitled him to confront and cross-examine a person who had tested the suspected contraband. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003); *Brown-Bey v. United States,* 720 F.2d 467, 469 (7th Cir. 1983)("Confrontation and cross-examination of witnesses in the context of a prison disciplinary proceeding are matters left to the sound discretion of prison officials.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Based on Wilkins' account, there was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles him to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 4/5/2016

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WALLACE WILKINS    DOC # 983863
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064