UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WALLACE WILKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00722-TWP-TAB |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion for Reconsideration**

This matter is before the Court on Petitioner's Motion for Reconsideration following the dismissal of his petition for writ of habeas corpus on April 5, 2016. (Dkt. 3). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). For the reasons in the Entry docketed on April 7, 2016, this was an appropriate case for such a disposition as to Wallace Wilkins' challenge to a prison disciplinary proceeding identified as No. 15-11-0080. In that proceeding, Wilkins was found to have violated prison rules by being in possession of intoxicants. Based on the timing and content of Wilkins' motion for reconsideration, that motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest

error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). It is not intended as an opportunity to reargue the merits of a case. *See Neal v. Newspaper Holdings, Inc.* 349 F.3d 363, 368 (7th Cir. 2003).

In this case, reconsideration is not warranted. There was no manifest error of law or fact in disposition of the action. Wilkins was disciplined for being in possession of or making of homemade alcohol. He alleged a due process violation because his request for testing to determine if the substance was in fact an intoxicant was denied. Wilkins argues that he was disciplined based solely on the testimony of the correctional officer, which he argues was a total absence of evidence.

That which Wilkins now asserts to be the total absence of evidence is actually his argument that the reporting officer's opinion about the nature of the substance found is not sufficient evidence for the prison disciplinary board's decision. The Court reiterates; all that is required to support a prison disciplinary board decision and to adhere to procedural due process is "some evidence." The "some evidence" standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). In reviewing a decision for "some evidence," the habeas court is "not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the

prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.*  The

Court did not misapprehend the petitioner's claims, nor did it misapply the law to those claims in

finding that dismissal was required.

Accordingly, the motion for reconsideration, treated as a motion to alter or amend judgment

[Dkt 6], is **denied**.

IT IS SO ORDERED.

Date:  6/1/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WALLACE  WILKINS
DOC # 983863
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 4606